Mark E. Ellis - 127159
Andrew M. Steinheimer - 200524
Grant A. Winter - 266329
ELLIS LAW GROUP, LLP
555 University Avenue, Suite 200 East
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
asteinheimer@ellislawgrp.com
gwinter@ellislawgrp.com

Attorneys for Defendant SYNERGETIC COMMUNICATIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

OCTAVIO BECERRA,

Plaintiff,

v.

GREEN TREE SERVICING, LLC; KUBLER CORPORATION, a California Corporation dba ALTERNATIVE RECOVERY MANAGEMENT; SYNERGETIC COMMUNICATIONS, INC.; and DOES 1-10, inclusive,

Defendants.

Case No.: 5:11-cv-04936-HRL

**SYNERGETIC COMMUNICATION, INC.'S MOTION TO DISMISS ALL CAUSES OF ACTION PLED IN PLAINTIFF'S COMPLAINT(FRCP 12(b)(6)); AND, SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

**DATE:** **November 22, 2011**
**TIME:** **10:00 a.m.**
**CRTRM:** **#2, 5TH Floor**

# TABLE OF CONTENTS

PAGE

MEMORANDUM OF POINTS AND AUTHORITIES ..... 2

I. INTRODUCTION ..... 2

II. ALLEGATIONS CONTAINED IN THE COMPLAINT ..... 3

III. LEGAL ANALYSIS ..... 5

A. Plaintiff's Claim That Synergetic Contacted Him At A Place And During A Time Known To Be Inconvenient, In Violation Of Civil Code § 1788.17, Is So Devoid Of Supporting Factual Allegations That It Is Not Plausible On Its Face. ..... 7

B. Plaintiff's Claim That Synergetic Engaged In Conduct, The Natural Consequence Of Which Is To Annoy, Harass, Oppress, And Abuse, In Violation Of Civil Code §1788.17 Is Completely Unsupported By Allegations of Fact And Is Therefore Not Plausible On Its Face. ..... 9

1. Plaintiff's Claims That Synergetic Used False, Deceptive And Misleading Representations In An Attempt To Collect A Debt, Including Threatening To Take Actions They Could Not Legally Take Or Did Not Intend To Take In Violation Of Civil Code §1788.17 and 15 U.S.C. §§ 1692(e), 1692e(5) and 1692e(10) Are Not Supported By Allegations of Fact Sufficient To State A Claim. ..... 10

2. Plaintiff's Claims That Synergetic Used Unfair and Unconscionable Means To Collect A Debt, In Violation Of Civil Code §1788.17 and 15 U.S.C. §§ 1692f Are Completely Unsupported By Fact And Are Therefore Not Plausible On Their Faces. ..... 12

3. Plaintiff's Claims That Synergetic Violated Civil Code §1788.17 and 15 U.S.C. §§ 1692c By Failing To Cease and Desist Are Completely Unsupported By Fact And Are Therefore Not Plausible On Their Faces ..... 12

4. Plaintiff's Claim That Synergetic Violated 15 U.S.C. § 1692e(4) Is Completely Unsupported By Fact And Is Therefore Not Plausible On Its Face. ..... 13

5. Plaintiff's Claims That Synergetic Violated 15 U.S.C. § 1692e(6) Is Completely Unsupported By Fact And Is Therefore Not Plausible On Its Face. ..... 14

6. Plaintiff's Claims That Synergetic Violated Bus. & Prof. Code 17200 Is Completely Implausible and Must Be Dismissed Because Plaintiff Has Failed To State A Cause of Action For Violation of 15 U.S.C. § 1692, et seq. and California Civil Code Section 1788, et seq. ..... 15

IV. CONCLUSION ..... 16

## TABLE OF AUTHORITES

PAGE

### Cases

*Ashcroft v. Iqbal*, -U.S.-, 129 S.Ct. 1937 (2009) ........................................ 1, 2, 5, 6, 7, 11, 12, 15

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696 (9th Cir. 1988) ........................................ 7

*Barron v. Reich*, 13 F.3d 1370 (9th Cir. 1994) ........................................ 5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................ 1, 2, 5, 6, 7

*Bower v. AT & T Mobility, LLC*, 196 Cal.App.4th 1545 (2011) ........................................ 16

*Clegg v. Cult Awareness Network*, 18 F.3d 752 (9th Cir. 1994) ........................................ 6

*Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005) ........................................ 6

Gorman v. Wolpoff & Abramson, LLP, 435 F.Supp.2d 1004 (N.D.Cal.,2006) ........................................ 13

*Maxwell v. Union Fidelity Mortgage, Inc.*, 2009 WL 426189, *2 (E.D. Cal 2009) ........................................ 6

*Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir.2004) ........................................ 13

*Schmitt v. FMA Alliance*, 398 F.3d 995 (8th Cir.2005) ........................................ 13

*Van Camp Sea Food Co. v. Westgate Sea Products Co.*, 28 F.2d 957 (9th Cir. 1928) ........................................ 7

### Statutes

15 U.S.C. § 1692 ........................................ 3

15 U.S.C. § 1692(c)(a)(1) ........................................ 8

15 U.S.C. § 1692(d) ........................................ 9

15 U.S.C. § 1692c(c) ........................................ 13

15 U.S.C. § 1692e ........................................ 10

15 U.S.C. § 1692e(4) ........................................ 13, 14

15 U.S.C. § 1692e(5) ........................................ 10

15 U.S.C. § 1692e(6) ........................................ 15

15 U.S.C. § 1692e(10) ........................................ 10

California Civil Code § 1788 ........................................ 3

California Civil Code §1788.17 ........................................ 8, 9, 10, 12

**TO THE PLAINTIFF AND HIS COUNSEL OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on November 22, 2011, in Courtroom 2, 5th Floor, at 10:00 a.m. or as soon thereafter as the matter may be heard at the above entitled Court located at the United States Courthouse, 280 South 1st Street, San Jose, CA 95113, Defendant Synergetic Communications, Inc., (hereinafter "Synergetic") will move the Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss, with prejudice, each of the claims for relief set forth in Plaintiff Octavio Becerra's complaint, as described below.

With few exceptions, the claims for relief in Mr. Becerra's complaint are pled as bare legal conclusions, virtually devoid of any supporting factual allegations. Consequently, these claims fail to meet the pleading sufficiency requirements established by the United States Supreme Court in **Ashcroft v. Iqbal**, -U.S.-, 129 S.Ct. 1937, 1949 (2009), as well as **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 555-556 (2007). The complaint is so lacking of supporting facts that even if every factual allegation in the complaint is taken as true, no court could find the remaining allegations sufficiently "plausible," under the requirements of **Iqbal** to escape dismissal.

This motion seeks dismissal of each of the individual causes of action pled in the complaint, which are set forth as follows:

1) "Defendants violated Civil Code §1788.17 by placing telephone calls at a time and place known to be inconvenient." **Docket 1, Exhibit A, Complaint, ¶ 38**.

2) "Defendants violated Civil Code §1788.17 by engaging in conduct the natural consequence of which is to annoy, harass, oppress and abuse." **Complaint, ¶ 39**.

3) "Defendants violated Civil Code §1788.17 by using false, deceptive and misleading representations in an attempt to collect a debt, including threatening to take action they cannot lawfully take and/or did not intend to take." **Complaint, ¶ 40**.

4) "Defendants violated Civil Code §1788.17 be [sic] engaging in an unfair and unconscionable act in an attempt to collect a debt." **Complaint, ¶ 41**.

5) "Defendants violated Civil Code §1788.17 by refusing to cease and desist." **Complaint, ¶ 42**.

6) "Defendants violated Civil Code §1788.11 by using the telephone in an abusive manner, and by placing telephone calls which were unreasonable under the circumstances." **Complaint, ¶43**.

7) "Defendants violated 15 U.S.C. § 1692c by failing to cease and desist and continuing to communicate with Plaintiff." **Complaint, ¶ 49, p.8:7-8**.

8) "Defendants violated 15 U.S.C. §1692e, 1692e(10) and 1692f, by engaging in false, deceptive and misleading practices, and engaging in unfair and unconscionable practices, in an attempt to collect a debt." **Complaint, ¶ 50, p. 8:9-11**.

9) "The foregoing acts and omissions of these Defendants [purportedly asserted in the prior paragraphs of the complaint] constitute violations of the FDCPA, including but not limited to: §1692c, 1692e, 1692e(10) and 1692f." **Complaint, ¶48, p. 8:4-6** [bracketed language added].

10) "Defendant's policy and practices as described in the paragraphs immediately above violate California Rosenthal Fair Debt Collection Practices Act and consequently Defendant's practice constitutes an unlawful business practice within the meaning of Bus. & Prof. Code 17200." **Complaint, ¶ 53**.

This motion is based on this Notice of Motion and Motion and the Memorandum of Points and Authorities filed and served concurrently herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant Synergetic Communications, Inc. (hereinafter "Synergetic") brings this Federal Rule of Civil Procedure 12(b)(6) motion for dismissal of the claims for relief set forth in Plaintiff Octavio Becerra's complaint of August 31, 2011.

With few exceptions, the claims for relief in Mr. Becerra's complaint are pled as bare legal conclusions, virtually devoid of any supporting factual allegations. Consequently, these claims fail to meet the pleading sufficiency requirements established by the United States Supreme Court in **Ashcroft v. Iqbal**, —U.S.—, 129 S.Ct. 1937, 1949 (2009), as well as **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 555-556 (2007).

Significantly, Mr. Becerra's complaint only alleges that Synergetic contacted him *two* times. *See* **Docket No. 1, Complaint, ¶¶27-30**. The first contact was allegedly a collection letter that Synergetic sent on December 6, 2010. **Complaint, ¶ 27**. The second contact was allegedly a phone call that Synergetic placed to Mr. Becerra on December 13, 2010. **Complaint, ¶¶ 28-30**. Besides the allegations concerning the one phone call and the one letter, there are *no other allegations* pled concerning Synergetic.

Mr. Becerra alleges that Synergetic violated multiple sections of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA"), and California's Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, *et seq.*("RFDCPA"), however, those causes of

action are not supported by a sufficient factual basis. As explained below, the allegations relating to the *one phone call* and the *one collection letter*, even if taken as true, do not render the causes of action "plausible," under the requirements of **Iqbal** to escape dismissal. In fact, for the most part, the allegations concerning the letter and the phone call are totally unrelated to the causes of action pled under the FDCPA and the RFDCPA.

## II. ALLEGATIONS CONTAINED IN THE COMPLAINT

Mr. Becerra's Complaint (**Docket No. 1, Exhibit A**) alleges only three "claims," against Synergetic but each of the claims asserts various causes of action under multiple statutory sections. The first claim alleges violations of California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788, *et seq*. **Complaint, ¶¶ 33-44**. The second claim alleges violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*. **Complaint, ¶¶45-51**. The third claim asserts violations of California's Unfair Competition Law, Business and Professions Code §§17200-17204. **Complaint, ¶¶ 48-57, pp. 8:17-9:24.**[1]

Taking all three "claims" together, the complaint alleges a total of 14 statutory violations/causes of action. This motion seeks dismissal of each one of those individual causes of action, which are pled in the complaint as follows:

11) "Defendants violated Civil Code §1788.17 by placing telephone calls at a time and place known to be inconvenient." **Complaint, ¶ 38**.

12) "Defendants violated Civil Code §1788.17 by engaging in conduct the natural consequence of which is to annoy, harass, oppress and abuse." **Complaint, ¶ 39**.

13) "Defendants violated Civil Code §1788.17 by using false, deceptive and misleading representations in an attempt to collect a debt, including threatening to take action they cannot lawfully take and/or did not intend to take." **Complaint, ¶ 40**.

14) "Defendants violated Civil Code §1788.17 be [sic] engaging in an unfair and unconscionable act in an attempt to collect a debt." **Complaint, ¶ 41**.

15) "Defendants violated Civil Code §1788.17 by refusing to cease and desist." **Complaint, ¶ 42**.

---

[1]Mr. Becerra's complaint sets forth non-consecutively numbered paragraphs, using paragraph numbers 48-51 twice. For clarification, where those paragraphs are referenced in this memorandum, the page and line number will be included in the citation.

16) "Defendants violated Civil Code §1788.11 by using the telephone in an abusive manner, and by placing telephone calls which were unreasonable under the circumstances." **Complaint, ¶43.**

17) "Defendants violated 15 U.S.C. § 1692c by failing to cease and desist and continuing to communicate with Plaintiff." **Complaint, ¶ 49, p. 8:7-8.**

18) "Defendants violated 15 U.S.C. §1692e, 1692e(10) and 1692f, by engaging in false, deceptive and misleading practices, and engaging in unfair and unconscionable practices, in an attempt to collect a debt." **Complaint, ¶ 50, p. 8:9-11.**

19) "The foregoing acts and omissions of these Defendants [purportedly asserted in the prior paragraphs of the complaint] constitute violations of the FDCPA, including but not limited to: §1692c, 1692e, 1692e(10) and 1692f." **Complaint, ¶48, p. 8:4-6** [bracketed language added].

20) "Defendant's policy and practices as described in the paragraphs immediately above violate California Rosenthal Fair Debt Collection Practices Act and consequently Defendant's practice constitutes an unlawful business practice within the meaning of Bus. & Prof. Code 17200." **Complaint, ¶ 53.**

Each allegation quoted above is a bare legal conclusion which is not specifically tailored to this case. Some are merely legal conclusions which trace the language of the statutes they cite. Others are bare recitals of certain statutory section numbers without even a recitation of the language embodied in those sections. Most importantly, *none* of these bare conclusions provide any indication as to *what facts allegedly demonstrate that Synergetic violated the proffered statutes.*

The complaint, as a whole, asserts very few factual allegations. What is more, the factual allegations specifically asserted against *Synergetic* – as opposed to allegations concerning other defendants – are so sparse that they consist of only four (4) paragraphs, amounting to no more than one half of a page. **Complaint, ¶¶27-30.**

The factual allegations pled against Synergetic are as follows:

- "On or about December 6, 2010, GREEN TREE sent PLAINTIFF a collection letter demanding $73,224.04, through its agent, SYNERGETIC." **Complaint, ¶ 27.**

- "On or about December 13, 2010, GREEN TREE placed a collection telephone call to PLAINTIFF through its agent SYNERGETIC…." **Complaint, ¶28.**

- "During that December telephone call PLAINTIFF stated that he was returning his home to the bank, and since it was a purchase money mortgage debt the bank could not sue him in California. GREEN TREE, through its agent SYNERGETIC, persisted in its attempts to collect the debt and said they would get their money back one way or the other, whether or not he was still in the home, and went on to tell PLAINTIFF that he had gotten bad legal advice if he was told they could not sue him for the debt after

foreclosure, that they could go after his spouse and PLAINTIFF and that whatever legal advice he received was bad." **Complaint, ¶ 29**.

- "PLAINTIFF explained he had sent a letter explaining he was returning the home and that he refused to pay. GREEN TREE, though its agent SYNERGETIC, told PLAINTIFF that even if he said he was not going to pay the debt he was still going to pay it because the second mortgage was pursuable through a lawsuit and they would get their money one way or the other. When PLAINTIFF mentioned bankruptcy SYNERGETIC stated that bankruptcy is a word that doesn't scare them." **Complaint, ¶ 30.**

As explained in more detail *infra*, even with the presence of these meager factual allegations, all of Mr. Becerra's claims are terminally devoid of *facts sufficient* to state a plausible claim for relief. For instance, nowhere does Mr. Becerra allege where and when he was called that was inconvenient to him, let alone how it was known by Synergetic to be inconvenient. Nowhere does Mr. Becerra articulate *what conduct* Synergetic undertook, the natural consequence of which was to annoy, harass, and oppress. Nor does Mr. Becerra identify *what actions* constituted false, deceptive, unfair or unconscionable means to collect a debt, or *why* any particular actions should be characterized as false, deceptive, unfair or unconscionable. These examples represent only a small fraction of the deficiencies in Mr. Becerra's pleading.

When viewed in light of the complaint as a whole, the claims for relief which Synergetic seeks to dismiss through this motion are nothing more than legal conclusions and boilerplate allegations devoid of any ultimate facts. **Iqbal**, *supra*, 129 S.Ct. at 1949.

## III. LEGAL ANALYSIS

A motion to dismiss under FRCP 12(b)(6) "tests the legal sufficiency of a claim." **Navarro v. Block**, 250 F.3d 729, 732 (9th Cir. 2001). For purposes of FRCP 12(b)(6), "claim," means a set of facts that, if established, entitle the pleader to relief. **Bell Atlantic Corp. v. Twombly**, 550 US 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, when accepted as true, to state a claim for relief that is plausible on its face." **Iqbal**, *supra,* 129 S.Ct. at 1949. Thus, when evaluating a motion to dismiss, the court generally accepts the material factual allegations in the complaint as true, and construes them in the light most favorable to the non-moving party. **Barron v. Reich**, 13 F.3d 1370, 1374 (9th Cir. 1994). The court is not required, however, to accept a legal conclusion "cast in the form of factual allegations if those conclusions cannot reasonably be

drawn from the facts alleged." **Clegg v. Cult Awareness Network**, 18 F.3d 752, 754-755 (9th Cir. 1994). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a claim for relief will not do." **Iqbal**, *supra*, at 1949.

**Iqbal** and **Twombly** contemplate a two-step analysis to determine whether a complaint has been pled sufficiently to overcome a motion to dismiss: *First*, naked legal conclusions are not accepted as true for the purposes of the complaint's sufficiency. **Iqbal**, *supra*, 129 S.Ct. at 1949-1950 [citing **Twombly**, *supra*, 550 U.S. at 555]. *Second*, the court reviews the factual allegations of the complaint to determine if they plausibly suggest entitlement to relief. **Iqbal**, *supra*, 129 S.Ct. at 1950-1951 [analyzing **Twombly**]. As noted by the Supreme Court in **Iqbal**,

> "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation… A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a case will not do…' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"

**Iqbal**, *supra*, 129 S.Ct. at 1949 [citing **Twombly**] [citations omitted].

Determining whether a complaint states a claim for relief is a "context specific task." **Id**. at 1950. But in any context, conclusions, without supporting factual allegations will not withstand a motion to dismiss. **Iqbal**, *supra*, 129 S.Ct. at 1949 ["[W]e are not bound to accept as true legal conclusions couched as a factual allegation."]; **Maxwell v. Union Fidelity Mortgage, Inc.**, 2009 WL 426189, *2 (E.D. Cal 2009) ["[C]onclusions of law, conclusory allegations, unreasonable inferences, or unwarranted deductions of fact need not be accepted."].

The Rule 8 pleading standards are not merely procedural. They serve a significant function as a barrier to frivolous litigation. As **Twombly** explained, the purpose is to ensure that a plaintiff can show, "something beyond the mere possibility of loss […] lest a plaintiff with a largely groundless claim be allowed to take up the time and number of other people with the right to do so representing an *in terrorem* increment of the settlement value." **Twombly**, *supra*, 550 U.S. at 558 [citing **Dura Pharmaceuticals, Inc. v. Broudo**, 544 U.S. 336 (2005)].

Dismissal pursuant to Rule 12(b)(6) is appropriate where a complaint lacks a cognizable legal theory, or where insufficient facts are alleged to support the plaintiff's theory. **Balistreri v. Pacifica**

**Police Dept**., 901 F.2d 696, 699 (9th Cir. 1988). When it is clear that under no circumstances can the plaintiff present evidence to establish his claims, "it would be idle to go further and a motion to dismiss should be granted." **Van Camp Sea Food Co. v. Westgate Sea Products Co.**, 28 F.2d 957, 957-958 (9th Cir. 1928)**Error! Bookmark not defined.**.

In **Twombly**, an anti-trust case, the Court dismissed the plaintiff's complaint, holding that the mere assertion that telecommunication providers engaged in "certain parallel conduct unfavorable to competition," was insufficient, without some factual context, including any averment of facts showing that there was an agreement between the providers. **Twombly**, *supra*, 550 US 544, 544.

**Iqbal** was a civil rights case brought by an accused-terrorist detainee alleging discriminatory harsh treatment by the federal government. **Iqbal**, *supra*, 129 S.Ct. at 1955. Without providing supporting factual details, the plaintiff alleged that the defendants agreed to subject him to harsh treatment solely for discriminatory reasons. **Iqbal**, *supra*, 129 S.Ct. at 1950-1952. The Court granted the defendant's motion to dismiss because the plaintiff's bald allegations of an agreement and intent to discriminate, without supporting facts, were implausible, particularly in light of the fact that the federal government had detained many other suspects in similar conditions. **Id**.

The instant case is more bereft of supporting factual allegations than either **Iqbal** or **Twombly**. The complaint wholly fails to state important details about the claims asserted. For instance, Mr. Becerra claims that Synergetic called him too frequently, but he makes no mention of *when* Synergetic called, or whether any calls were made *other than the one (1) call* that he specifically identifies. Factually, Becerra *only* identifies one letter from Synergetic and one telephone call. Once again, these are only a small sample of the insufficiencies found throughout the complaint and each and every alleged cause of action.

**A. Plaintiff's Claim That Synergetic Contacted Him At A Place And During A Time Known To Be Inconvenient, In Violation Of Civil Code § 1788.17, Is So Devoid Of Supporting Factual Allegations That It Is Not Plausible On Its Face.**

Mr. Becerra's complaint alleges that Synergetic violated Civil Code §1788.17 by placing telephone calls "at a place and during a time known to be inconvenient" for him. **Complaint, ¶ 38**. However, the complaint does not set out a sufficient factual basis to support this claim.

First, Civil Code §1788.17 is a special provision within the RFDCPA which requires debt collectors to comply with the regulations of the federal FDCPA. The relevant part of §1788.17, reads as follows:

> "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code."

**Civil Code §1788.17.**

Nowhere in Mr. Becerra's complaint is there any allegation regarding how Synergetic violated any provision of 15 U.S.C. §§1692b though 1692j, by placing telephone calls "at a place and during a time known to be inconvenient." Indeed, the complaint *does not even contain an allegation that Synergetic violated the federal FDCPA* provision which prohibits placing calls at a time or place known to be inconvenient.

Section 1692(c)(a)(1) is the applicable provision of the federal FDCPA which prohibits the alleged conduct at issue here – placing calls at a time and place known to be inconvenient. **15 U.S.C §1692(c)(a)(1)**.

First, the complaint makes no allegation that section 1692(c)(a)(1) was violated. Moreover, even where the complaint alleges violations of section 1692(c) – the section encompassing section 1692(c)(a)(1) – the complaint *specifically alleges* that 1692(c) was violated because "Defendants…fail[ed] to cease and desist and continu[ed] to communicate with Plaintiff." **Complaint, ¶ 49, p.8:7-8**. There is no allegation that Synergetic or any other defendant violated section 1692(c) by placing telephone calls "at a place and during a time known to be inconvenient."

Thus, this cause of action under Civil Code §1788.17 must fail because the complaint does not allege a violation of the federal FDCPA by calling at a time and place known to be inconvenient.

Second, even if the complaint did allege that Synergetic had violated the federal FDCPA by placing calls at a time and place known to be inconvenient, the complaint is still wholly devoid of facts sufficient to plead a cause of action for violation of the federal FDCPA.

The complaint does not say *where* Mr. Becerra was allegedly called, nor does it does not say *what time* he was called. The complaint also completely fails to address the knowledge element of the

claim. It fails to state *who allegedly knew* that the time and place of the alleged contact was inconvenient. Nor is there an allegation concerning *how the time or place was known* to be inconvenient. There is no allegation that Mr. Becerra told someone that a certain time or place was inconvenient and that he subsequently received a call.

The only allegation in the complaint that makes any reference *to a time or place where Mr. Becerra was called*, is the allegation that "On December 13, 2010, Green Tree placed a collection telephone call to Plaintiff through its agent Synergetic." **Complaint, ¶ 28**. There is no more specific allegation concerning what time the alleged call occurred.

Certainly, a lone factual allegation that Mr. Becerra was allegedly called on December 13, 2010, is insufficient to state a claim for violation of 15 U.S.C. §1692(c)(a)(1) . There is nothing about December 13, 2010, which all by itself, would demonstrate that a call on that day would necessarily be inconvenient.

**B. Plaintiff's Claim That Synergetic Engaged In Conduct, The Natural Consequence Of Which Is To Annoy, Harass, Oppress, And Abuse, In Violation Of Civil Code §1788.17 Is Completely Unsupported By Allegations of Fact And Is Therefore Not Plausible On Its Face.**

Mr. Becerra's complaint alleges that Synergetic violated Civil Code §1788.17 "by engaging in conduct, the natural consequence of which is to annoy, harass, oppress, and abuse." **Complaint, ¶ 39.**

Again, Civil Code §1788.17 is a provision within the RFDCPA which requires debt collectors to comply with the federal FDCPA. **Civil Code §1788.17.**

Nowhere in Mr. Becerra's complaint is there any allegation regarding how Synergetic violated any provision of provisions of the federal FDCPA, by engaging in conduct, the natural consequence of which is to annoy, harass, oppress, and abuse. Indeed, the complaint does not even contain an allegation that Synergetic violated the specific federal FDCPA provision which prohibits engaging in conduct, the natural consequence of which is to annoy, harass, oppress, and abuse.

Section 1692(d) is the applicable provision of the federal FDCPA which prohibits alleged conduct at issue here – engaging in conduct, the natural consequence of which is to annoy, harass, oppress, and abuse. **15 U.S.C §1692(d)**. The complaint makes no allegation that section 1692(d) was violated.

Thus, this cause of action under Civil Code §1788.17 fails because the complaint does not plead the sole factual allegation required for a cause of action under Civil Code §1788.17, *to wit*, that the federal FDCPA was violated by the alleged conduct.

**1. Plaintiff's Claims That Synergetic Used False, Deceptive And Misleading Representations In An Attempt To Collect A Debt, Including Threatening To Take Actions They Could Not Legally Take Or Did Not Intend To Take In Violation Of Civil Code §1788.17 and 15 U.S.C. §§ 1692(e), 1692e(5) and 1692e(10) Are Not Supported By Allegations of Fact Sufficient To State A Claim.**

Mr. Becerra's complaint alleges that Synergetic violated Civil Code §1788.17 by "using false, deceptive and misleading representations in an attempt to collect a debt, including threatening to take actions they could not legally take or did not intend to take." **Complaint, ¶ 40**. Again, Civil Code §1788.17 prohibits violations of the federal FDCPA. *See* **Civil Code §1788.17.**

In addition to Civil Code §1788.17, Mr. Becerra also pleads causes of action for violation of the federal FDCPA, sections 1692(e), 1692e(5) and 1692e(10) (**Complaint, ¶48, p. 8:5 and ¶50, p.8:9-11**), all of which prohibit using false of deceptive means to collect a debt. **15 U.S.C. §§ 1692e, 1692e(5)** and **1692e(10).**

Between 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), the only one of those sections which is remotely applicable to Plaintiff's allegations that Synergetic used "false, deceptive and misleading representations in an attempt to collect a debt, including threatening to take actions it could not legally take or did not intend to take," is 15 U.S.C. §1692e(5). Section §1692e(5) prohibits a debt collector from using "any false, deceptive, or misleading representations, or means in the collection of a debt," including:

> "The threat to take any action that cannot legally be taken or that is not intended to be taken."

**15 U.S.C. §1692e(5).**

Notably, 15 U.S.C. §§ 1692e, 1692e(10) are only *general* prohibitions on the use of false or deceptive means to collect a debt. **15 U.S.C. §§1692e** and **1692e(10).**

Mr. Becerra's complaint contains no explanation whatsoever concerning how Synergetic allegedly violated 15 U.S.C. §§ 1692e, 1692e(5) or 1692e(10), other than the general allegation that Synergetic made false and deceptive representations. **Complaint, ¶50, p.9-11**. But that allegation

alone is merely a naked recitation of the statutory language and is insufficient to support the contention that any false or deceptive representation was made, let alone any "threat to take action that cannot legally be taken, or that is not intended to be taken."

First, the complaint contains absolutely *no* allegation concerning *what representation or means* was allegedly false or deceptive. The totality of the allegations pertaining to Synergetic consist of (1) the allegation that Synergetic sent Mr. Becerra a collection letter (**Complaint, ¶27**) and (2) the allegation that a Synergetic called Mr. Becerra on the telephone and engaged in a conversation with him during which certain statements were made (**Complaint, ¶¶29-30**).

There is no allegation whatsoever that *any statement* either contained in the letter, or made during the phone call, was false, deceptive, or misleading. Nor is there any allegation that the either the letter, or the phone call were somehow deceptive just by their mere occurrence. These critical allegations – *identification of the false, deceptive or misleading representations or means* – are simply absent from the complaint.

Second, there is no allegation concerning what purported threat of action Synergetic allegedly made which could not be taken, or which it did not intend to take, as required by 15 U.S.C. §1692e(5). Not only does the complaint fail to specify *which action* was not intended, or could not be legally taken, but there is also no allegation concerning why any action was unintended or not legal.

For instance, there is no allegation whatsoever in the complaint that Synergetic *lacked the intent* to do anything, let alone that it lacked the intent to do something it had threatened to do. Nor is there an allegation that Synergetic allegedly "threatened" to do anything that was illegal. Certainly, the complaint does not allege how, or why any of Synergetic's alleged actions were illegal, nor is there mention of any law which Synergetic's alleged threats would have violated.

Thus, the claims under **15 U.S.C. §§ 1692e, 1692e(5)** and **1692e(10)** do not even clear the first step of the **Iqbal/Twombly** analysis. There is simply insufficient factual support for these claims to determine if the plaintiff is entitled to relief. **Iqbal**, *supra*, 129 S.Ct. at 1949. It also follows that the dependent claim under Civil Code §1788.17 is insufficient and should be also be dismissed.

////

////

**2. Plaintiff's Claims That Synergetic Used Unfair and Unconscionable Means To Collect A Debt, In Violation Of Civil Code §1788.17 and 15 U.S.C. §§ 1692f Are Completely Unsupported By Fact And Are Therefore Not Plausible On Their Faces.**

Mr. Becerra's complaint alleges that Synergetic violated Civil Code §1788.17 by "engaging in an unfair and unconscionable act in an effort to collect a debt." **Complaint, ¶ 41**. Again, Civil Code §1788.17 is a provision within the RFDCPA which requires debt collectors to comply with the federal FDCPA. **Civil Code §1788.17.**

Mr. Becerra also pleads a cause of action under 15 U.S.C. §1692f (**Complaint, ¶50, p. 8:9**), which is the only provision of the federal FDCPA relevant to the allegation that Synergetic engaged in an unfair and unconscionable act in an effort to collect a debt. Notably, Mr. Becerra's only allegation concerning how Synergetic allegedly violated 15 U.S.C. §1692f is a vague and general assertion that it engaged "in false, deceptive and misleading practices, and engag[ed] in unfair and unconscionable practices to collect a debt." **Complaint, ¶50, p. 8:9-12.**

Here again, there are *absolutely no <u>facts</u>* pled in the complaint to support this contention.

The complaint is missing the most basic factual allegation concerning the claim, *to wit*, *<u>what constituted</u> an unfair or unconscionable act."* Beyond that, there is no allegation concerning what was unfair or unconscionable *about* any particular "act," or how any particular "act" was *used to collect a debt*.

There is simply insufficient factual support for these claims to determine if the plaintiff is entitled to relief. Thus, the claims should be dismissed.

**3. Plaintiff's Claims That Synergetic Violated Civil Code §1788.17 and 15 U.S.C. §§ 1692c By Failing To Cease and Desist Are Completely Unsupported By Fact And Are Therefore Not Plausible On Their Faces.**

Mr. Becerra's complaint alleges that Synergetic violated §1788.17 and 15 U.S.C. §§ 1692c by "failing to cease and desist and continuing to communicate with Plaintiff." **Complaint, ¶42 and ¶49, p.8:7-8**. These claims are not unsupported by the requisite level of factual support required by **<u>Iqbal</u>**, *supra*. Moreover, as explained below, these allegations, as pled in regard to Synergetic, fail as a matter of law.

The only provision of the federal FDCPA applicable to the allegation that Synergetic "fail[ed]

to cease and desist and continu[ed] to communicate with Plaintiff, is 15 U.S.C. §§ 1692c, subsection (c). That sub-section requires a debt collector to stop communication with a consumer if the consumer advises the collector in writing to stop further communications. **15 U.S.C. §§ 1692c(c)**.

The complaint makes absolutely no allegation that Mr. Becerra ever notified Synergetic in writing that he refused to pay the debt, or that he wished Synergetic to cease further communication with him. The complaint does allege that Mr. Becerra sent cease and desist letters to Green Tree, the original creditor, and ARM, a different collection agency that collected on Green Tree's behalf, before Synergetic was retained by Green Tree. **Complaint, ¶ 26.** However, as matter of law, the factual allegations that Mr. Becerra sent such letters to Green Tree and ARM is insufficient to state a cause of action for violation of 15 U.S.C. §§ 1692c(c) against Synergetic.

A creditor's knowledge of a debtor's desire not to be contacted cannot be imputed to a debt collector for purposes of establishing a violation of the FDCPA. **Gorman v. Wolpoff & Abramson, LLP**, 435 F.Supp.2d 1004, 1011(N.D.Cal.,2006) [citing **Randolph v. IMBS, Inc.,** 368 F.3d 726, 729 (7th Cir.2004) and **Schmitt v. FMA Alliance**, 398 F.3d 995, 997 (8th Cir.2005)] reversed on other grounds in **Gorman v. Wolpoff & Abramson, LLP**, 584 F.3d 1147 (9th Cir. 2009).

Accordingly, Mr. Becerra's allegation that he sent letters to Green Tree, and Green Tree's prior agent, ARM, cannot be imputed to Synergetic. There is no allegation that Synergetic received a cease and desist letter. These causes of action, therefore, fail as a matter of law.

**4. Plaintiff's Claim That Synergetic Violated 15 U.S.C. § 1692e(4) Is Completely Unsupported By Fact And Is Therefore Not Plausible On Its Face.**

Mr. Becerra alleges that Synergetic violated 15 U.S.C. § 1692e(4). **Complaint, ¶48, p. 8:4-7.** However, the complaint does not set out a sufficient factual basis to support this claim.

15 U.S.C. § 1692e(4) prohibits a debt collector from making:

> "The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such an action is unlawful and the debt collector or creditor intends to take such action."

**15 U.S.C. § 1692e(4).**

First of all, the complaint makes absolutely no allegation that Synergetic or any Synergetic

employee ever told Mr. Becerra, on the phone or in writing, that non-payment of the debt would result in (1) the arrest or imprisonment of any person, (2) the seizure of any property or wages of any person, (3) the garnishment of the wages of any person, (4) the attachment of any property or wages of any person, or (5) the sale of any property or wages of any person.

The only allegations in Mr. Becerra's complaint that are even arguably related to the prohibitions of 15 U.S.C. § 1692e(4) are that Synergetic said it would "get their money back one way or another," (**Complaint, ¶ 29**) and that Synergetic said the "second mortgage was pursuable through a lawsuit" (**Complaint, ¶30**). But neither of those alleged statements constitute representations or implications that Synergetic intended to arrest, seize, garnish, attach or sell anyone or anything.

It is clear on the face of the statute that 15 U.S.C. § 1692e(4) does not prohibit representations that non-payment will result in a *lawsuit*. Moreover, a statement about pursuing a mortgage by means of a lawsuit *does not* constitute a representation that the lawsuit will result in arrest, seizure, garnishment, attachment or sale. There are many different types of lawsuits which could end in any variety of circumstances. For instance, lawsuits often result in money judgments. There is no prohibition against representing that non-payment may result in a money judgment.

As for the allegation that Synergetic said it would "get their money back one way or another," Synergetic submits that this alleged statement is too vague to constitute a representation or an implication prohibited by 15 U.S.C. § 1692e(4). "One way or another" could literally mean anything, and is not a sufficient factual allegation to support this claim.

Second, there is no allegation pled here that Synergetic said it would do anything that either (1) it did not intend to do, or (2) that was prohibited by law. **15 U.S.C. § 1692e(4)**. There are absolutely no facts concerning what Synergetic did or did not intend to do. Similarly, there are absolutely no facts pled concerning whether anything Synergetic represented or implied it would do was lawful or unlawful.

Accordingly, this cause of action should be dismissed.

**5. Plaintiff's Claims That Synergetic Violated 15 U.S.C. § 1692e(6) Is Completely Unsupported By Fact And Is Therefore Not Plausible On Its Face.**

Mr. Becerra alleges that Synergetic violated 15 U.S.C. § 1692e(6). **Complaint, ¶48, p. 8:4-7.**

However, the complaint does not set out a sufficient factual basis to support this claim.

15 U.S.C. § 1692e(6) prohibits:

> "The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to –
>
> (A) lose any claim or defense to payment of the debt; or
>
> (B) become subject to any practice prohibited by this subchapter."

**15 U.S.C. § 1692e(6).**

No facts are pled to support this claim.

The complaint contains no allegation that Synergetic made any statement concerning the sale, referral or transfer of any debt whatsoever. There are no facts pled in the complaint even vaguely related to this cause of action. Thus, it is implausible on its face and must be dismissed.

**6. Plaintiff's Claims That Synergetic Violated Bus. & Prof. Code 17200 Is Completely Implausible and Must Be Dismissed Because Plaintiff Has Failed To State A Cause of Action For Violation of 15 U.S.C. § 1692, et seq. and California Civil Code Section 1788, et seq.**

Mr. Becerra alleges that Synergetic violated Bus. & Prof. Code 17200 *et. seq.*, as the "*per se*" result of violating 15 U.S.C. § 1692, *et seq*. and California Civil Code Section 1788, *et seq*. **Complaint, ¶¶49-57**. As explained above, each and every alleged violation of 15 U.S.C. § 1692, *et seq*. and California Civil Code Section 1788, *et seq.*, pled in Mr. Becerra's complaint, fails to withstand dismissal under the pleading standards set forth in **Iqbal**, *supra*, 129 S.Ct. at 1949. In as much as this claim merely asserts a violation based upon claims which are implausible on their faces, this claim should also be dismissed.

Further, Mr. Becerra has failed to sufficiently allege facts supporting other elements of a prima facie claim under Bus. & Prof. Code 17200 *et. seq*. Specifically, to have standing to bring a section 17200 cause of action, a plaintiff must:

> (1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and
>
> (2) show that the economic injury was the result of, i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim."

**Bower v. AT & T Mobility**, LLC, 196 Cal.App.4th 1545, 1553 (2011)

Mr. Becerra has pled nothing more than a naked conclusion that he suffered injury to money and property. **Complaint, ¶ 56**. There is no specific allegation concerning what money or property he lost. Additionally, the complaint baldy asserts that his alleged loss was a "result of [Synergetic's] unfair competition and business practice." **Id**. However, there is no more specific allegation concerning what unfair competition and business practice caused the loss, or how it caused the loss.

Thus, the claim for violation of Bus. & Prof. Code 17200 *et. seq*, should also be dismissed for failure to plead facts sufficient to satisfy the standing requirements of the claim.

## IV. CONCLUSION

For the foregoing reasons, it is submitted that this Court should now dismiss, with prejudice, each and every one of the claims pled in Plaintiff's complaint.

Dated: October 12, 2011

ELLIS LAW GROUP, LLP

By *_/s/ Grant A. Winter_*
Grant A. Winter
Attorney for Defendant
SYNERGETIC COMMUNICATIONS, INC.

## CERTIFICATE OF SERVICE

I, Jennifer E. Mueller, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On October 12, 2011, I served the following document(s) on the parties in the within action:

**SYNERGETIC COMMUNICATION, INC.'S MOTION TO DISMISS ALL CAUSES OF ACTION PLED IN PLAINTIFF'S COMPLAINT(FRCP 12(b)(6)); AND, SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

| | |
|---|---|
| X | **VIA ELECTRONIC SERVICE:** The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |

| | |
|---|---|
| Balam O. Letona<br>Law Offices of Balam O. Letona<br>1347 Pacific Avenue, Suite 203<br>Santa Cruz, CA 95060 | Attorneys for<br>Plaintiff OCTAVIO BECERRA |
| Ronald Wilcox<br>1900 The Alameda<br>Suite 530<br>San Jose, CA 95126 | Attorneys for<br>Plaintiff OCTAVIO BECERRA |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on October 12, 2011.

By: ______________________
Jennifer E. Mueller